# SUPREME JUDICIAL COURT

FOR THE

## COUNTIES OF BRISTOL, PLYMOUTH, BARNSTABLE, AND DUKES COUNTY, OCTOBER TERM 1853, AT PLYMOUTH.

―――――

PRESENT:

Hon. LEMUEL SHAW, CHIEF JUSTICE.
Hon. CHARLES A. DEWEY,
Hon. GEORGE T. BIGELOW,
Hon. BENJAMIN F. THOMAS, } JUSTICES.
Hon. PLINY MERRICK,

―――――

JAMES H. KNOWLES *vs.* THE INHABITANTS OF EASTHAM.

Whether an action of debt will lie by a land-owner against a town to recover a sum awarded as damages caused by laying out a town-way, *quære.*

If it does, there must have been a definite certain sum so awarded, and an award in this form, "James H. Knowles, $48.00, $32.09," is too uncertain and indefinite to sustain an action of debt for either sum.

Such an action does not respect an easement, and the court of common pleas have jurisdiction thereof.

THIS was an action of debt to recover the sum of $32, the amount of damages alleged to have been awarded the plaintiff by the selectmen of Eastham, occasioned by laying out a town-way across the plaintiff's land. At the trial in the court

of common pleas, before *Bishop*, J. the plaintiff produced the report of the selectmen of Eastham laying out said way, which, so far as material, was as follows: " On the petition of James H. Knowles and others praying for a public highway to be laid out over, &c. the selectmen, after giving legal notice to all persons interested in said road met, and after hearing the parties adjudged it expedient to lay out said highway, and thereupon proceeded to survey said way as follows: [described by courses and distances.] In locating said road we have agreed with the owners of the land for the following sums as damages by them sustained in consequence of said road. James H. Knowles, | $48, | $32." | The names of nine other land-owners were also given, each being followed by a double column of figures, the aggregate amount in the second column being $126.66, or two thirds of the aggregate of the sums set in the first column.

This report was presented at a town meeting, April 3d, 1848, and it was voted not to accept it. The county commissioners thereupon, upon a petition of several persons, setting forth that the town refused to accept the road, adjudged that " the common convenience and necessity of a part of the inhabitants of Eastham required that the report of said selectment should be confirmed. They therefore approve and allow said road as laid out by the selectmen as and for a town way, and direct the town-clerk of Eastham to record the report of said selectmen of the same. The selectmen having agreed with the owners of land over which said road passes for damages, the sum of $126.66, as specified in the last column of their report, which sum we hereby confirm, &c."

The defendants, among other objections not material to be reported, objected that there had not been such a legal determination and assessment of damages sustained by the plaintiff, as to support this action, but the presiding judge ruled otherwise, and a verdict was rendered for the amount claimed. The defendants also moved in arrest of judgment, that the court of common pleas had not jurisdiction of this action, because it respected an easement upon real estate. This motion was overruled, and the defendants excepted to all of said rulings.

*H. A. Scudder,* for the defendants.

*G. Marston,* (*N. Marston* with him,) for the plaintiff.

DEWEY, J. The question does not seem to be raised in the argument of the case, whether the action of debt is a proper remedy against a town to recover damages by a land-owner for land taken for a town way, and we have not thought necessary to consider it, as the plaintiff must fail in maintaining his action for other reasons. See on the question of the form of the action, 5 Mass. 426. If this action lies at all, it must be upon a case stated and supported by the evidence of a legal proceeding under the statute divesting the owner of the use of his property, and he in virtue of the statute becoming a creditor of the town for a certain specific sum of money, which the town is bound to pay him.

Upon looking into the record of the proceedings by the selectmen laying out the road, they appear quite defective in technical accuracy. This road is laid out as " a public highway," as to which they would have no jurisdiction. How far these defects are obviated by the more appropriate terms used by the county commissioners, and whether for these errors in the record the legality of the laying out of the road can be questioned except upon *certiorari,* the road having been finally established by the action of the county commissioners, it would be necessary to settle, if the decision of the case turned upon those points.

As we have already stated, to sustain this action there must be a direct adjudication of some competent tribunal awarding a certain sum to be paid to the land-owner for damages for the taking his land for the road. By Rev. Sts. *c.* 24, § 71, " the selectmen shall estimate the damages sustained by any person by reason thereof, and the same shall be paid by the town, if it be a town way." In case of the unreasonable refusal of the town to approve and allow a town way, laid out by the selectmen, an appeal is given to the county commissioners, but no provision as to any order by them on the subject of damages. That matter would seem to be left upon the report of the selectmen. In the present case the selectmen, following, as it would seem, the provisions of the repealed

*St.* 1786, *c.* 67, § 1, reported to the town that they had agreed with the land-owners on the amount of damages to be allowed them, instead of reporting their own independent estimate, as the Rev. Sts. *c.* 24, § 71, requires. But perhaps their report might be treated as equivalent to an estimate by them of the proper sum to be paid, if that was the only defect in this report; but the greater and insuperable one is that they have in no form stated any definite and certain sum to be paid to each land-owner for his damage. Against each of the ten names of the land-owners is stated two different sums, thus, "James H. Knowles, $48.00—$32.00." Taking this report literally, both these sums are awarded to the plaintiff. But that is not supposed by either party to have been the intention of the selectmen. If not both, which one is to be taken to be the true estimate? It is then proposed by the plaintiff to take the smaller one. But that he cannot do, unless the smaller one is the actual estimate of damages fixed upon by the selectmen. This sliding scale of damages will not answer for practical purposes. Suppose the party should apply for a jury, and the question arises whether the jury have increased the damages awarded by the selectmen, which of these two sums is to be taken as the damages allowed by the selectmen?

It seems to us that this award of damages is too uncertain and indefinite in its amount to be the basis of an action against the town to recover the same in an action of debt.

The objection to this action, that the court of common pleas had no jurisdiction, because it was an "action respecting an easement," is unfounded. *Hunt* v. *Hanover*, 8 Met. 343.

For the cause already stated, however, the verdict must be set aside. *New trial granted.*